**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ERIC CONRAD GULBRONSON, | No. 2:15-cv-0520-CMK-P |
| Petitioner, | |
| vs. | ORDER |
| KAMALA D. HARRIS, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action.

On May 4, 2016, the court dismissed petitioner's amended petition and directed petitioner to file a second amended petition within 30 days. Petitioner was warned that failure to file an amended petition may result in dismissal of this action for lack of prosecution and failure to comply with court rules and orders. See Local Rule 110. Petitioner failed to comply, and on August 2, 2016, the court issued an order for plaintiff to show cause why this action should not be dismissed for failure to file his amended petition. To date, no response has been received.

1 | The court must weigh five factors before imposing the harsh sanction of dismissal.  See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987).  Those factors are:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3) the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  See id.; see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam).  A warning that the action may be dismissed as an appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor.  See Malone, 833 F.2d at 132-33 & n.1.  The sanction of dismissal for lack of prosecution is appropriate where there has been unreasonable delay.  See Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).  Dismissal has also been held to be an appropriate sanction for failure to comply with an order to file an amended complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992).

Having considered these factors, and in light of petitioner's failure to file an amended petition as directed, and failure to respond to the court's order to show cause, the court finds that dismissal of this action is appropriate.

Accordingly, IT IS HEREBY ORDERED that:

1. This case is dismissed for petitioner's failure to prosecute and failure to comply with court rules and orders; and

2. The Clerk of the Court is directed to close this case.

DATED:  October 12, 2016

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE